**Herman FOSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-81-0423-CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 7, 1983.

Rehearing Denied June 9, 1983.

---

Murry Cohen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BASS, JACK SMITH and DUGGAN, JJ.

### OPINION

BASS, Justice.

Appellant was indicted on a charge of aggravated robbery, to which he pleaded not guilty. After a joint trial, a jury convicted the appellant and his two co-defendants, Willie Foster and Frank Moore, of the charged offense, and assessed his punishment at 99 years confinement and a $5,000 fine.

The judgment is affirmed.

Appellant and his brother, Willie Foster, were represented by the same retained attorney. Prior to trial, and outside the presence of the jury, appellant and his brother rejected the State's plea bargain offer of twenty-five years confinement, and demanded a jury trial. None of the three co-defendants had any previous convictions.

At trial, Officer J.G. Mendell, a Houston police officer, testified that on March 3, 1981, he observed a man sitting in the driver's seat of a yellow Oldsmobile Cutlass parked next to a savings association building. He followed the vehicle, and by checking the registration of the vehicle's wired-on license plates, found that the plates were registered to another vehicle.

After observing the vehicle run through a stop sign, he pulled the car over. The driver walked to the back of the car. The officer then asked the driver to return to the driver's side of the car. When the officer looked down at the driver's side, he saw the butt of a gun sticking out from under the driver's side of the front seat. He looked under the front seat and discovered two guns. He immediately placed the driver, Willie Foster, the appellant, and the other passenger, Frank Moore, under arrest.

All three men were returned to the savings association offices for purposes of identification. Ms. Margaret Craig, manager for corporate headquarters of the savings association, identified the appellant and his two co-defendants as the three men who had robbed the Dairy-Ashford branch savings and loan thirty to forty-five minutes earlier. She testified that the clothes the three men were wearing matched the description she had given the police. She also said that she was able to identify the men by their build, size, and the beard worn by one of them. She made a positive in-court identification of all three co-defendants.

Mr. M.R. Daniel, a deputy in the Harris County Sheriff's Department patrol division, who had arrived at the scene of the stopped vehicle directly behind Mendell, obtained a search warrant and subsequently conducted an inventory search of the Olds-mobile at a nearby sheriff's substation. He testified that he found two pistols, a ski mask, gloves, and teller boxes containing money in the passenger compartment, and found other ski masks, teller boxes with money, and a shirt and red dye in the trunk.

Officer J. Jorge, of the identification division of the Harris County Sheriff's Department, identified photographs he had taken on March 3, 1981, of the yellow Oldsmobile and its contents, and of the bank. He testified that at the time he took the photographs, the car had not been tampered with, and no evidence had been removed.

The arresting officer identified Willie Foster as the driver of the vehicle, and his co-defendants, Frank Moore and appellant, as the other two persons in the car. (See also *Moore v. State,* No. 01–82–0627–CR (Tex.App.—Houston [1st Dist.] December 30, 1982), and *Foster v. State,* 647 S.W.2d 27 (Tex.App.—Houston [1st Dist.] 1982), companion cases.)

At the punishment hearing, the State called five witnesses to testify about the three co-defendants' reputations for being peaceful and law abiding citizens. Only one witness testified regarding appellant's reputation, saying it was bad. On cross-examination trial counsel established that the witness was not acquainted with the appellant. The other witnesses testified about Willie Foster's and Frank Moore's reputations. It was established on cross-examination that none of these witnesses were competent to testify. One of these witnesses, in an unresponsive answer to the question, "What community does he reside in," stated that Willie Foster had robbed the savings and loan where she worked.

In his first ground of error, appellant contends that he was deprived of effective assistance of counsel. He urges specific bases for this conclusion: 1) trial counsel failed to move for a severance due to conflict of interest when a witness at the punishment stage implicated appellant's co-defendant in an extraneous robbery; 2) trial counsel failed to move for a mistrial or jury instruction on behalf of co-defendant Willie

Foster; 3) trial counsel failed to request a hearing outside the presence of the jury in order to challenge the competency of the purported reputation witnesses for the State.

Appellant also urges that trial counsel's total ineffectiveness at the punishment stage, a separate proceeding in a bifurcated trial, cannot be mitigated by effectiveness at the guilt stage, since the evidence of guilt was overwhelming, and punishment was the only real issue in this case. He contends that the severity of the punishment assessed against the appellant, a first offender, is indicative of the extent to which he was harmed by trial counsel's ineffectiveness.

■ As to the allegation that appellant's trial counsel should have sought a severance when the alleged prejudice became apparent, we hold that such a motion, even if made, would not have been timely. A motion for severance must be made prior to the announcement of ready, and a motion made at the end of the guilt stage in a bifurcated trial is not timely. *Sanne v. State,* 609 S.W.2d 762 (Tex.Cr.App.1980) cert. den. 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 432, reh. den. 453 U.S. 928, 102 S.Ct. 890, 69 L.Ed.2d 1023; *Johnson v. State,* 449 S.W.2d 237 (Tex.Cr.App.1969).

■ In any event, had such a motion been timely made, it is not at all certain that the trial court would have been obligated to grant it, or that its refusal to do so would have constituted abuse of discretion. Under Art. 36.09 Tex.Code Crim.Pro.Ann. (Vernon 1981), severance is mandatory where one defendant has an admissible prior conviction and the person seeking the severance does not. Otherwise, severance is not a matter of right, but rests within the sound discretion of the court. *Dawson v. State,* 477 S.W.2d 277 (Tex.Cr.App.1972); *Bolding v. State,* 493 S.W.2d 186 (Tex.Cr. App.1973). Abuse of discretion will be found only where the movant has satisfied the "heavy burden" of showing clear prejudice. *U.S. v. Welch,* 656 F.2d 1039 (5th Cir.1981). See also *Morales v. State,* 466 S.W.2d 293 (Tex.Cr.App.1970).

■ Appellant argues that trial counsel's failure to move for a mistrial or to request a jury instruction after introduction of inadmissible "reputation" testimony constituted ineffective assistance of counsel to appellant's brother, and that if failure to move for a mistrial required reversal of Willie Foster's case, then it also requires reversal of appellant's case. His reasoning appears to be that he was unavoidably implicated in the extraneous offense alleged against his brother.

We cannot agree with appellant's contentions. Appellant was not "unavoidably implicated" in the extraneous offense. Given the fact that the witness had been called to testify concerning Frank Moore's and Willie Foster's reputations, if anyone could be considered to have been implicated, it was Frank Moore, not appellant. Any prejudice to appellant in this case emanating from the failure to move for a mistrial or to request a jury instruction does not mandate reversal. See *Johnson v. State,* 614 S.W.2d 148 (Tex.Cr.App.1981). In any event, this court declined to find that Willie Foster had been denied effective assistance of counsel. See *Foster, supra.* Appellant's "piggy back" argument is, therefore, unpersuasive.

Concerning trial counsel's failure to voir dire the State's reputation witnesses outside the hearing of the jury in order to determine their competency to testify, appellant urges that the punishment assessed evidences the severe prejudice which resulted from the reputation testimony. He relies heavily on the court's reasoning in *Johnson v. State, supra,* to support his assertion that failure to voir dire constitutes ineffective assistance of counsel. However, the court, in that case, refused to find that counsel had rendered ineffective assistance.

As appellant contends, the facts of *Johnson* are remarkably similar to those in the case at bar. There, the accused, a first offender also, was assessed a punishment of fifty years confinement for the offense of aggravated robbery, even though the complaining witness testified that appellant had been "very polite" during the course of the

armed robbery. In that case the accused's counsel was surprised by reputation testimony directly implicating the accused in extraneous offenses. Asserted omissions included trial counsel's failure to move to suppress evidence or to object at trial to the admission of fruits of an alleged illegal search, failure to request a pre-trial identification hearing even though the accused relied upon the defense of mistaken identification, and failure to object to, or move to strike, the testimony of the two reputation witnesses, or to seek a mistrial based upon such testimony.

■ Whether an accused has received reasonably effective assistance of counsel is to be determined by a review of the *total* representation, not by focusing upon an isolated failure to object. *Archie v. State,* 615 S.W.2d 762 (Tex.Cr.App.1981); *Ex Parte Prior,* 540 S.W.2d 723 (Tex.Cr.App.1976). We interpret "total representation" in this context to mean representation throughout the "trial," and we find no authority or policy substantiating appellant's contention that the punishment phase should be viewed as a separate and independent proceeding, in assessing whether counsel has rendered effective assistance. Furthermore, effective counsel does not mean errorless counsel, or counsel judged ineffective by hindsight. *McKenna v. Ellis,* 280 F.2d 592 (5th Cir.1960) cert. den. 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78. Allegations of ineffective assistance of counsel will be sustained only if they are firmly founded. *Faz v. State,* 510 S.W.2d 922 (Tex.Cr.App. 1974); *Long v. State,* 502 S.W.2d 139 (Tex. Cr.App.1973).

■ Viewing the trial in retrospect, although it seems inappropriate for one attorney to have represented two of the three co-defendants, multiple representation is not inherently prejudicial, and we do not find, under the facts of this case, that the failure to move for a severance constituted ineffective assistance of counsel. Neither do we find that appellant was unavoidably implicated in an extraneous offense due to the unresponsive answer of one of the reputation witnesses regarding Willie Foster, so

as to make the failure to request a jury instruction or to move for a mistrial adequate grounds for a finding of ineffective assistance. Such omissions could have been motivated by plausible trial strategy. See *Johnson, supra.*

■ Finally, while it is difficult to understand trial counsel's failure to voir dire the reputation witnesses before their testimony was presented to the jury, we hold that in light of our other findings, any prejudice to appellant was, if not minimal, at least not of such magnitude as to mandate reversal on the ground of ineffective assistance. At best, the failure to request voir dire examination constitutes a single instance of lawyer oversight. By the time the true nature of the witnesses' testimony became apparent, counsel could reasonably have concluded that the "cat was out of the bag," and that the most effective strategy would be to demonstrate the incompetency of the witnesses.

■ In light of the totality of the representation, we hold that appellant received reasonably effective assistance of counsel. Although he did not receive a perfect trial, he received a fair one.

Appellant's first ground of error is overruled.

■ In his second ground of error, appellant complains that the trial court committed reversible error in overruling his motion to suppress and in admitting evidence of property seized in the search of the auto in which he was riding at the time of his arrest. The substance of his argument is that, as the State failed to produce the search warrant in the face of an illegal search objection, reversal is mandated under the holdings of *Vines v. State,* 397 S.W.2d 868 (Tex.Cr.App.1966), and *Ehrman v. State,* 580 S.W.2d 581 (Tex.Cr.App.1979).

The State argues that appellant's objection on appeal does not comport with that made at trial, and that as a consequence no error has been preserved for this court's review. The State points out that at trial the substance of appellant's objection was

not the insufficiency of the search warrant, but, rather, that the search was tainted by a warrantless arrest made without probable cause. The State further notes that the record reveals that appellant's counsel received a copy of the search warrant and never challenged it. Neither did appellant's counsel object to, or comment on, the prosecutor's assertion that the issue before the court in the suppression hearing was *not* the search warrant.

The State's contention is correct. No error has been preserved for review. The objection at trial does not comport with that on appeal. See, e.g., *Lejeune v. State,* 538 S.W.2d 775 (Tex.Cr.App.1976).

But even had error been preserved for review, the cases cited by appellant in support of his assertion are not dispositive in view of the facts of this case. In *Ehrman, supra,* the accused *demanded* that the search warrant be produced at the revocation hearing when evidence seized in the search was offered; the court erred, in the face of such a demand, in refusing to require its production. In *Vines, supra,* the opinion reveals only that the objection was made on the ground that "it had not been shown that the search was lawful." Similarly, in *Brown v. State,* 166 Tex.Cr.R. 322, 313 S.W.2d 297 (Tex.Cr.App.1958), the opinion indicates only that the objection was on the ground of "illegal search and arrest." In this case the objection was *not* simply that the search was unlawful, but that the fruit of the search was inadmissible due to the alleged unlawful *warrantless* arrest without probable cause. The failure to produce the search warrant at trial would not, therefore, mandate reversal even had the alleged error been preserved for review.

Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.