James Edward **HAGGERTY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–90–00642–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 27, 1992.

**546**

Stanley C. Kirk, Houston, James Edward Haggerty, Huntsville, for appellant.

John B. Holmes, Alan Curry, Asst. Dist. Atty., Houston, for appellee.

Before O'CONNOR, MIRABAL and PRICE, JJ.

## OPINION

O'CONNOR, Justice.

A jury found the appellant, James Edward Haggerty, guilty of burglary of a building with intent to commit theft. After finding two enhancement paragraphs to be true, the jury assessed punishment at 35–years confinement. We affirm.

The appellant's court-appointed counsel filed a brief in which he has stated his opinion that the appeal is wholly frivolous and without merit. A copy of counsel's brief was delivered to the appellant, and the appellant was advised he has a right to file a pro se brief. The appellant has filed a pro se brief within the time allowed and asserts two points of error.

### Fact summary

Houston Police Officer Pedro Sifuentez was assisting another police officer when he heard a loud banging noise in the distance. As Officer Sifuentez walked toward the sound to investigate, he heard the loud noise again. Officer Sifuentez testified that he initially saw the appellant place

something in a shopping cart and then walk back to a nearby warehouse. Upon closer investigation, the officer saw the appellant and the codefendant taking property out of a window of the warehouse and then carrying it back to the shopping cart. Officer Sifuentez notified the other police officer, who arrived moments later as the appellant and the codefendant were pushing the cart away from the area.

A warehouse coordinator arrived later and identified the items in the shopping cart as property that had been stored in the warehouse.

## 1. Effectiveness of counsel

■ In point of error one, the appellant argues he was denied effective assistance of counsel. The standard of review for effectiveness of counsel is gauged by the totality of the representation of the accused. *Archie v. State*, 615 S.W.2d 762, 765 (Tex.Crim.App.1981); *Oliver v. State*, 813 S.W.2d 762, 765 (Tex.App.—Houston [1st Dist.] 1991, no pet.). The constitutional right to counsel does not mean errorless counsel or counsel whose competency is judged by hindsight. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App.1981). Rather, the right to effective assistance of counsel means counsel reasonably likely to render reasonably effective assistance of counsel. *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim.App.1987).

■ An isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *Archie*, 615 S.W.2d at 765. Neither is counsel rendered ineffective merely because counsel may have made a mistake during trial and other counsel might have tried the case differently. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984). Allegations of ineffective assistance of counsel will be sustained only if they are firmly founded. *Faz v. State*, 510 S.W.2d 922, 926 (Tex. Crim.App.1974).

■ Thus, to obtain a reversal because of ineffective assistance, appellant must show that: (1) counsel's performance was so deficient that counsel was not functioning as the counsel guaranteed by the sixth amendment; and (2) there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

### a. Failure to ask for severance

■ The appellant attacks the effectiveness of his trial counsel on two separate grounds. First, the appellant contends his trial counsel did not file a motion to sever pursuant to TEX.CODE CRIM.P.ANN. art. 36.09 (Vernon 1981). Article 36.09 states:

Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

Article 36.09 states that the trial court has the discretion to grant or refuse a motion to sever except in two cases. The trial court is required to grant a motion to sever when either: (1) one of the defendants has a previous conviction that is admissible; or (2) a joint trial would be prejudicial to one of the defendants.

If the trial court was required to grant a motion to sever, and if counsel failed to ask for it, the appellant would be in the position to argue that his counsel had been ineffective. In addition, if the trial court would have abused its discretion in refusing a motion to sever, again the appellant would be in the position to argue that his counsel had been ineffective.

If a motion to sever had been made in this case, the trial court would not have been required by law to grant it. Severance is mandatory where one defendant has an admissible prior conviction and the person seeking the severance does not. TEX.CODE CRIM.P.ANN. art. 36.09; *Snow v. State,* 721 S.W.2d 943, 945 (Tex.App.— Houston [1st Dist.] 1986, no pet.); *Foster v. State,* 652 S.W.2d 474, 477 (Tex.App.— Houston [1st Dist.] 1983), *aff'd,* 693 S.W.2d 412 (Tex.Crim.App.1985). Here, both the appellant and the codefendant had admissible prior convictions, and both had convictions for burglary. The only other mandatory ground for severance is if a joint trial would be prejudicial to one of the defendants. The appellant does not make any argument that a joint trial was prejudicial except to say that the joint trial prevented his counsel from arguing the individual innocence of the appellant. The appellant advances the argument that he was merely outside the building collecting scrap metal; if he were guilty of anything, it was merely trespassing, not burglary; and that his codefendant committed the burglary on his own without the appellant's participation. None of these arguments rise to the level of prejudice that would have mandated a severance.

If a motion to sever had been made in this case, the trial court would not have abused his discretion in denying it. When a motion to sever is not mandatory, severance rests within the sound discretion of the trial court. *Snow,* 721 S.W.2d at 945; *Foster,* 652 S.W.2d at 477. The appellate courts will only find that the trial court abused its discretion in refusing a motion to sever when the defendant satisfies the "heavy burden" of showing a clear prejudice. *Foster,* 652 S.W.2d at 477.

In *Morales v. State,* 466 S.W.2d 293, 296 (Tex.Crim.App.1970), the Court of Criminal Appeals outlined some of the questions that can be asked to determine if the trial court would have abused its discretion if it overruled a motion for severance. Paraphrasing them to fit our case, we hold: (1) The joint trial did not violate any statutory provision; (2) both the appellant and the codefendant had prior admissible convictions; (3) neither the appellant or the codefendant offered a defense, and thus the appellant cannot say their defenses were conflicting; (4) the evidence showed there was no difference in the degree of the appellant's guilt from that of the codefendant; and (5) there was no evidence introduced at trial that the appellant and defendant were acting independently. Thus, even if the appellant's counsel had made a motion for severance, it would not have been an abuse of discretion to refuse it. *Foster,* 652 S.W.2d at 477.

The appellant has not demonstrated his trial counsel's performance was deficient. Thus, the appellant has not shown his trial counsel was not functioning as guaranteed by the sixth amendment. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

We overrule point of error one as it relates to the failure to ask for a severance.

### b. Failure to object to the parole charge

Second, the appellant contends his trial counsel should have objected to the jury charge about the law of parole and good conduct time. The appellant relies on *Rose v. State,* 752 S.W.2d 529 (Tex.Crim. App.1987), which declared a similar charge unconstitutional. *Rose,* however, has been superseded.

The appellant was tried in July of 1990, after the reenactment of article 37.07, section 4 of the Texas Code of Criminal Procedure.[1] A jury charge that includes a *Rose* charge is no longer unconstitutional under the Texas Constitution. *Marks v. State,* 815 S.W.2d 817, 818 (Tex.App.—Eastland 1991, no pet.); *Johnson v. State,* 800 S.W.2d 563, 567 (Tex.App.—Houston [14th Dist.] 1990, pet.ref'd). Trial counsel error can not be predicated on the failure to object to a *Rose* charge.

In reviewing the effectiveness of the appellant's counsel, this Court did not simply focus on the two separate complaints; we viewed the entire record. *Ex parte Cruz,*

---

1. Act of May 17, 1989, 71st Leg., R.S., ch. 103, § 1, 1989 Tex.Gen.Laws 442, 442–43.

739 S.W.2d at 58. And from the totality of the representation and the merit of the appellant's complaints, this Court determines the appellant was afforded effective assistance of counsel. *Archie*, 615 S.W.2d at 765.

We overrule point of error one as it relates to the failure to object to the parole charge.

## 2. The parole charge

In point of error two, the appellant argues in the alternative that the trial court erred in charging the jury on the law of parole and good conduct time. As discussed under point of error one, the appellant's argument is without merit.

We overrule point of error two and affirm the judgment.