Opinion Issued September 25, 2003












 






In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00857-CR






MICHAEL RAWLEIGH JONES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 917202









MEMORANDUM OPINION


 Michael Rawleigh Jones, appellant, was charged with the offense of aggravated
robbery. (1) He pleaded not guilty to the offense and not true to both enhancement
paragraphs--one for unauthorized use of a motor vehicle and the other for aggravated
assault. The jury found him guilty of the lesser-included felony offense of robbery, (2)
and the trial court assessed his punishment at 40 years' confinement. In three issues,
appellant challenges the legal and factual sufficiency of the evidence to sustain his
conviction and contends that his trial counsel was ineffective. We affirm.

Factual & Procedural History

 In December 2001, appellant and co-defendant Don Brown forcibly entered the
home of Tina Le and her family, and announced, "This is an armed robbery; everyone
lay [sic] down." Elizabeth Tran, Tina Le's daughter, saw the co-defendant Brown
enter the home carrying a rifle and wearing a gray shirt with an American flag on it
and blue jeans. During the course of the robbery, while lying on the garage floor,
Elizabeth saw appellant unsuccessfully try to hot-wire the family van. 

 Appellant and co-defendant Brown terrorized and threatened both Tina Le and
Elizabeth. Brown held a gun to Elizabeth's lips and demanded money. He also
pointed a gun at Tina Le, demanded money and jewelry, and threatened her, "you
want to die, you want to die?" Tina Le eventually led Brown to her bedroom to give
him her money and jewelry. As she approached her bedroom, she saw appellant,
dressed in a red shirt and blue jeans, leaving her ransacked bedroom carrying a
"bunch of stuff." Appellant and Brown demanded the keys to the family van and fled
the residence in the van, stealing the family's Christmas presents, jewelry, and money. 

 Shortly after Tina Le notified the police, appellant and Brown were
apprehended after a police chase that ended in the stolen van's being wrecked. When
the police arrived at the family home, Elizabeth provided descriptions of both
appellant and Brown. Then, Elizabeth and Tina Le were driven to the scene, where
they both identified appellant and Brown as their assailants. The only stolen items
returned to the family were two Christmas gifts. 

 Prior to the trial, appellant filed a pretrial motion for severance, asking the
court to try him separately from co-defendant Brown on the ground that their defenses
were mutually inconsistent. However, appellant's trial counsel subsequently 
withdrew the motion during the pretrial proceedings. 

Sufficiency of the Evidence

 In issues one and two, appellant argues that the evidence was legally and
factually insufficient to support his robbery conviction.

 Standard of Review

 In his first issue, appellant argues that the evidence was legally insufficient to
support his conviction because the identification of appellant by Tina Le and
Elizabeth Tran was flawed and unreliable. In reviewing legal sufficiency, we view
the evidence in the light most favorable to the verdict and ask whether a rational trier-of-fact could find the essential elements of the crime beyond a reasonable doubt. 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Valencia v. State, 51
S.W.3d 418, 423 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). 

 In his second issue, appellant argues that the evidence was factually
insufficient to support his robbery conviction due to flaws in the witnesses'
identification of appellant. In reviewing factual sufficiency, we examine all the
evidence neutrally and ask whether proof of guilt is so obviously weak as to
undermine confidence in the jury's determination or so greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred.  Zuliani v. State,
97 S.W.3d 589, 594 (Tex. Crim. App. 2003); King, 29 S.W.3d at 563; Valencia, 51
S.W.3d at 423.  While conducting our analysis, if there is probative evidence
supporting the verdict, we must avoid substituting our judgment for that of the trier-of-fact, even when we disagree with the determination. King, 29 S.W.3d at 563.  The
trier-of-fact is the sole judge of the weight and credibility of the witness' testimony.
 Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 

 Evidence of Identification

 Here, the State presented testimony from both Tina Le and Elizabeth Tran, as
well as from Officer Smith and Deputies Lewis and Klim, regarding appellant's
identification. Appellant did not present any witnesses. Both Tina Le and Elizabeth
testified that the master bedroom had been ransacked by appellant; that appellant had
tried to hot-wire their van before demanding the keys; that appellant was wearing a
red shirt and jeans at their home during the robbery; and that appellant had the same
clothing on at the scene of the van wreck where he was apprehended by police.

 Appellant argues that Elizabeth Tran failed to include appellant's facial tattoo
in her description of the robber. However, Elizabeth admitted she could not even see
the tattoo in the courtroom until appellant was asked to move very close to her. 
Appellant also argues that the officers at the wreck scene found only a pellet gun in
the van, with no cash or stolen jewelry, contradicting the victims' testimony. Yet,
officers found in the van the Christmas gifts taken from the victims' home during the
robbery, and the pellet gun recovered inside the van was similar to that described by
the victims. Viewing the evidence in the light most favorable to the verdict, we hold that
the evidence was legally sufficient for a rational trier-of-fact to find the essential
elements of the crime beyond a reasonable doubt.  Viewing the evidence neutrally,
we observe that the jury decided, in this case, to believe Tina Le's and Elizabeth's
testimony.  Because the jury, as trier-of-fact, is the sole judge of the weight and
credibility of the witness testimony, and because the proof of guilt was not so
obviously weak as to undermine confidence in the jury's determination, or so greatly
outweighed by contrary proof as to indicate that a manifest injustice occurred, we
hold that the evidence was factually sufficient to support the verdict.

We overrule appellant's first and second issues.

Ineffective Assistance of Counsel 

In his third issue, appellant contends that he was denied the effective assistance
of counsel. In assessing whether trial counsel was ineffective, we follow the standard
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984). First, appellant must demonstrate that counsel's representation fell below an
objective standard of reasonableness based on prevailing professional norms. 
Howland v. State, 966 S.W.2d 98, 104 (Tex. App.--Houston [1st Dist. 1998), aff'd,
990 S.W.2d 274 (Tex. Crim. App. 1999). Second, appellant must establish that
counsel's performance was so prejudicial that it deprived him of a fair trial. Id. Thus,
appellant must show that a reasonable probability exists that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at 104. It is
the appellant's burden to prove a claim of ineffective assistance of counsel by a
preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998); Davis v. State, 830 S.W.2d 762, 765 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd). 

Here, appellant argues that he was unfairly prejudiced by a joint trial with the
co-defendant and that his trial counsel should have obtained a ruling on the motion
for severance. He argues that counsel was ineffective solely on this basis. Therefore,
we first address whether a severance should have been obtained.

This court has adopted the general rule that, if a trial court is required to grant
a motion to sever, and if trial counsel fails to ask for it, a defendant may argue that
his counsel has been ineffective. Haggerty v. State, 825 S.W.2d 545, 547 (Tex.
App.--Houston [1st Dist.] 1992, no pet.). In addition, if the trial court abuses its
discretion in refusing to grant a motion to sever, a defendant may argue that his
counsel had been ineffective. Id. However, since these conditions do not apply to
this case, the general rule is inapplicable. 

There are two mandatory grounds for severance: (1) when one co-defendant
has an admissible prior conviction and the person seeking the severance does not; or
(2) when a joint trial would be prejudicial to one of the defendants. Id. at 548; see
also Tex. Code of Crim. Proc. art. 36.09 (Vernon 2003). In the present case, both
co-defendants had prior felony convictions. Thus, the only inquiry is whether
appellant was unfairly prejudiced by a joint trial. 

Appellant argues that, as a result of the joint trial, he was unfairly prejudiced
by the testimony presented about his co-defendant Brown's mental and physical
cruelty during the robbery. Appellant contends that his co-defendant's acts
demonstrated a much higher degree of culpability than his own. Appellant
incorrectly asserts that a severance would have resulted in the jury's not hearing of
his co-defendant's more culpable behavior. Co-defendant Brown's more culpable
behavior included mental and physical threats to both victims. 

The State prosecuted appellant and Brown for robbery under the law of parties. 
Under the law of parties, a defendant is criminally responsible as a party to an offense
committed by another if ". . . acting with intent to promote or assist the commission
of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person
to commit the offense . . . ." Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2003); Otto
v. State, 95 S.W.3d 282, 285 (Tex. Crim. App. 2003). Accordingly, the evidence of
Brown's behavior would have been admissible in appellant's trial even if the cases
had been severed. Therefore, a joint trial did not prejudice appellant, and severance
was not mandatory. 

When a motion to sever is not mandatory, severance rests within the sound
discretion of the trial court. Snow v. State, 721 S.W.2d 943, 945 (Tex.
App.--Houston [1st Dist.] 1986, no pet.). An appellate court will find that the trial
court abused its discretion in refusing a motion to sever only when the defendant
satisfies the "heavy burden" of showing clear prejudice. Haggerty, 825 S.W.2d at
548. Here, there is no evidence of clear prejudice.

Accordingly, we hold that appellant has failed to demonstrate by a
preponderance of the evidence that his trial counsel's representation fell below an
objective standard of reasonableness based on professional norms and has thus failed
to satisfy the first prong of the Strickland test. 

We overrule appellant's third issue.

Conclusion

We affirm the judgment of the trial court. 

 

 

 Evelyn V. Keyes

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003).
2. See Tex. Pen. Code Ann. § 29.02 (Vernon 2003).