Opinion issued January 8, 2004










                       

In The
Court of Appeals
For The 
First District of Texas




NO. 01-02-00782-CR
NO. 01-02-00783-CR




 LEROY LUMPKIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
 Harris County, Texas
Trial Court Cause Nos. 900156 & 900157




O P I N I O N

          A jury found appellant, Leroy Lumpkin, guilty of possession of cocaine, in an
amount more than one gram but less than four grams, and of tampering with evidence. 
Having found true enhancement allegations of prior convictions for possession and
delivery of a controlled substance, the jury assessed punishment for each offense at
37 years in prison. We address whether the evidence supporting the tampering-with-evidence conviction is legally insufficient to prove that appellant knew that an
investigation concerning cocaine was in progress when he ingested cocaine. We
reverse the tampering-with-evidence conviction and render a judgment of acquittal. 
We also address whether appellant’s counsel failed to provide effective assistance of
counsel at the punishment stage of trial by not presenting witnesses to show positive
aspects of appellant’s character, by presenting a totally inadequate closing argument,
and by discouraging appellant from testifying. We affirm the possession-of-cocaine
conviction.
 Facts
          At 6:20 p.m. on January 22, 2002, a Harris County Sheriff’s deputy on the
narcotics task force stopped a car traveling eastbound on Interstate 10 because the
car’s taillight was not operating properly. As the deputy approached the car, he
noticed that the driver, appellant, was “ingesting some white substance and then was
consuming it down with a cup of what [he] thought at the time was liquid.” When he
reached the car, the deputy noticed pieces of the white substance around appellant’s
mouth, on appellant’s shirt, and on the car’s floorboard. The deputy also noticed that
what he had earlier thought was a “liquid” was a cup of water and cigarette butts. 
The deputy then put appellant in the back of the patrol car while he field-tested some
of the white pieces. The test results were positive for cocaine. The deputy returned
to the patrol car to find that appellant “couldn’t breathe” and, understanding this to
be a sign of cocaine ingestion, called an ambulance to transport appellant to a
hospital. After appellant arrived at the hospital, the deputy recovered cocaine from
appellant’s vomit, but did not extract additional “rocks” that were recovered from
appellant’s stomach, which had been pumped, because these rocks were diluted with
stomach acids. A chemist in the Houston Police Department laboratory later
confirmed that the recovered white substance was cocaine with a cumulative weight
of 1.8 grams.         Legal Sufficiency of the Evidence 
          In his first point of error, appellant contends that the evidence was legally
insufficient to support his conviction for tampering with the evidence of cocaine. 
Appellant complains that the evidence was insufficient to show (1) that he knew that
a narcotics investigation was “in progress” when he consumed the cocaine and (2)
that he “altered” the cocaine. 
          In a legal-sufficiency review, we view the evidence in the light most favorable
to the conviction and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000). A person commits the offense of tampering with evidence if, “knowing
that an investigation or official proceeding is pending or in progress, he . . . alters,
destroys, or conceals any record, document, or thing with intent to impair its verity,
legibility, or availability as evidence in the investigation or official proceeding.” 
Tex. Pen. Code Ann. § 37.09(a)(1) (Vernon 2003) (emphasis added). Here, the State
alleged only that, knowing that an investigation was in progress, appellant had
altered the cocaine, as opposed to including allegations that, knowing that an
investigation was pending, appellant had destroyed or concealed the cocaine. 
          Appellant argues that the issue of his knowledge that an investigation was in
progress is controlled by Pannell v. State, 7 S.W.3d 222 (Tex. App.—Dallas 1999,
pet. ref’d). In Pannell, a police officer attempted to stop the defendant for speeding
in a school zone. Id. at 223. After the officer turned on his lights, he noticed what
he thought was a cigarette fly out of the defendant’s car window and then noticed the
defendant empty a baggie out of the driver-side window; the contents of the baggie
looked like a “puff of smoke.” Id. The defendant then pulled over and admitted to
the officer that the baggie had contained marijuana and that the cigarette that he had
thrown out of his window was a newly-lit marijuana cigarette. Id. On appeal, the
court determined that the officer was investigating only a speeding violation at the
time that the defendant threw the marijuana out of his car window and explained that
there was no evidence that an investigation in which the marijuana would serve as
evidence was pending or in progress. Id. at 224. Therefore, the appellate court
reversed the judgment and rendered a judgment of acquittal on the conviction for
tampering with evidence. Id.
          In contrast, the State argues that this case is more like Lewis v. State, 56
S.W.3d 617 (Tex. App.—Texarkana 2001, no pet.). Lewis was a passenger in a car
that was stopped because of an improperly positioned dealer’s tag. Id. at 618-19. 
After the officer had stopped the car, he noticed that Lewis was extremely nervous. 
Id. at 619. For his own safety, the officer requested that Lewis step out of the car so
that the officer could inspect the car for weapons. Id. As Lewis got out of the car,
the officer noticed a plastic bag hanging partially out of Lewis’s mouth. Id. The
officer ordered Lewis to spit the contents out of his mouth, but Lewis refused to
comply and continued chewing, even though the officers sprayed him with pepper
spray and attempted to remove the contents from Lewis’s mouth. Id. The Texarkana
Court of Appeals affirmed Lewis’s conviction for tampering with evidence because
Lewis had refused to spit out or to remove the cocaine from his mouth after having
been ordered to do so. Id. at 625. The court distinguished the facts of Pannell
because, in Pannell, the defendant had disposed of the evidence before the police
were investigating him for possession of marijuana. Id at 625-26.
          Regarding appellant’s knowledge of the progress of an investigation, this case
is distinguishable from both Pannell and Lewis in the manner in which the State
alleged the offense. Although the statute provides alternative methods of alleging
knowledge of an investigation—either that an investigation be “pending” or that it be
“in progress”—appellant was charged only with knowledge that an investigation was
in progress. In Lewis, the defendant was charged only with knowledge that an
investigation was pending. Lewis, 56 S.W.3d at 624. In Pannell, the defendant was
apparently charged with knowledge that an investigation was either pending or in
progress. Pannell, 7 S.W.3d at 224. Based on our construction of the statutory
language, the manner in which appellant was charged disposes of his sufficiency
challenge.
          At first blush, the terms “pending” and “in progress” appear to be synonymous. 
Indeed, one definition of the adjective “pending” is “remaining undecided; awaiting
decision or settlement; unfinished.” Random House Webster’s Unabridged
Dictionary 1433 (2d ed. 2001). However, one of the cardinal principles of statutory
construction is that we generally presume that every word in a statute has been used
for a purpose and that each word, phrase, clause, and sentence should be given effect
if reasonably possible. See Whitelaw v. State, 29 S.W.3d 129, 131 (Tex. Crim. App. 
2000). To avoid redundancy from use of the terms “pending” and “in progress,” we
look to a second definition of the adjective “pending,” which is “about to take place;
impending.” Random House Webster’s Unabridged Dictionary 1433 (2d ed.
2001). Construing “pending” as meaning “about to take place, impending” places the
Texas statute in harmony with other jurisdictions using the Model Penal Code
terminology “believing that an official proceeding [or investigation] is pending or
may be [or is about to be or is likely to be] instituted.” Model Penal Code § 241.7;
Colo. Rev. Stat. Ann. § 18-8-610 (West 2003); D.C. Code Ann. § 22-723 (2001);
Fla. Stat. Ann. § 918.13 (West 2003); Ky. Rev. Stat. Ann. § 524.100 (Banks-Baldwin 2003); Mont. Code Ann. § 45-7-207 (2002); Ohio Rev. Code Ann. §
2921.12 (West 2003); Utah Code Ann. § 76-8-510.5 (2003). Accordingly, we hold
that the term “pending” in the Texas tampering-with-evidence statute means
“impending, or about to take place.”
          Therefore, in cases like Pannell, in which the defendant alters, destroys, or
conceals evidence to avoid an investigation that the defendant believes is about to
take place because he is in possession of contraband, and in which the State
prosecutes under the theory that the defendant knew that an investigation regarding
the contraband was pending, the evidence should be found sufficient regarding the
element of knowledge. Lest there be any doubt, we disagree with the decision of the
Fifth Court of Appeals in Pannell, which did not address the meaning of the terms
“pending” and “in progress.”
          Here, however, the State alleged only that appellant knew that an investigation
was “in progress,” not that one was “pending.” The investigation that was in progress
was a traffic stop. Appellant had already swallowed the cocaine before the
investigation that was in progress became one concerning narcotics. Thus, we have
a case in which the State elected to allege the wrong culpable mental state with which
the tampering-with-evidence offense was committed. We have no choice but to hold
the evidence legally insufficient to support the State’s allegation, which was tracked
in the jury charge. Having sustained appellant’s complaint concerning insufficiency
of the evidence to prove knowledge that an investigation was in progress, we decline
to address appellant’s alternative argument that the evidence was insufficient to prove
that he altered the evidence.
          We sustain appellant’s first point of error, and we acquit appellant in trial court
cause number 900157 of tampering with evidence. Ineffective Assistance of Counsel
          In his second point of error, appellant contends that his trial counsel was
ineffective during the punishment phase by presenting a “totally inadequate” closing
argument, by failing to present available character evidence about the “positive
aspects” of appellant’s life, and by discouraging appellant from testifying.


 Having
already found the evidence legally insufficient regarding tampering with the
evidence, we address appellant’s second point of error only with regard to his
conviction for possession of cocaine (trial court cause number 900156). 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). See Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986).
Appellant must show “(1) that counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the sixth amendment and, (2) but for
counsel’s error, the result of the proceedings would have been different.” Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 
          Effective assistance of counsel does not mean errorless counsel. See Saylor v.
State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel
was ineffective, we consider the totality of the circumstances of the particular case.
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). It is the defendant’s
burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. The defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. Id.,
466 U.S. at 689, 104 S. Ct. at 2065. Assertions of ineffective assistance of counsel
must be firmly founded in the record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim.
App. 2002). In the absence of a record of counsel’s reasoning, we must generally
presume that appellant’s trial counsel had a plausible reason for his actions.
Thompson, 9 S.W.3d at 814. 
          During the punishment phase, appellant’s trial counsel made the following,
brief argument in closing “I’d ask that you having found Mr. Lumpkin guilty of these
offenses to give him a chance to have a life. Sentence him to 25 years.” Neither the
State nor appellant presented any witness testimony during the punishment phase. All
that was presented in the way of evidence at the punishment stage was a stipulation
of appellant’s prior convictions. Appellant had previously been convicted once of
possession of marijuana (misdemeanor), once of reckless conduct (misdemeanor),
once of delivery of a controlled substance (felony), three times of possession of a
controlled substance (felonies), and once of evading detention (misdemeanor). At the
motion-for-new-trial hearing, both appellant’s common-law wife and appellant’s
sister claimed that they would have testified at the punishment phase that appellant
had a job and a family and was “doing good.” Appellant testified that he had told his
trial counsel that he wanted to testify during the punishment phase, but was told by
trial counsel that it would “do him no good.” Appellant’s trial counsel did not testify
at the motion-for-new-trial hearing. 
          Appellant first argues that trial counsel was ineffective by presenting a “totally
inadequate” closing argument during the punishment phase. Neither appellant’s trial
counsel nor any other attorney testified at the hearing on the motion for new trial. 
Further, the record is silent as to counsel’s tactics or strategy concerning his closing
argument. See Duckworth v. State, 89 S.W.3d 747, 752 (Tex. App.—Dallas 2002, no
pet.). To find that appellant’s trial counsel was ineffective would thus call for
speculation, which we will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994); Gamble, 916 S.W.2d at 93. 
          Appellant next argues that trial counsel was ineffective for failing to call
appellant’s common-law wife and sister to testify during the punishment phase about
his job, family, and good character. Again, the record is silent as to counsel’s tactics
or strategy during the punishment phase of trial. Neither side called any witnesses
during the punishment phase, but some evidence of appellant’s family and living
arrangements had been presented though his common-law wife’s testimony during
the guilt-innocence phase. We will not speculate about the reasons that appellant’s
trial counsel did not call these witnesses to testify at the punishment stage. See
Gamble, 916 S.W.2d at 93. Even if appellant’s counsel was ineffective for failing to
call appellant’s common-law wife or sister, appellant has not shown that these
witnesses’ testimony would have benefitted him. See Kizzee v. State, 788 S.W.2d
413, 416 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d) (holding that defendant
may base ineffective-assistance claim on failure to present witnesses only if defendant
can show that witnesses were available and that their testimony would have benefitted
defendant). 
          Finally, appellant argues that trial counsel was ineffective for discouraging him
from testifying during the punishment phase. However, appellant did not state what
the substance of his testimony would have been. Therefore, we are unable to
determine whether this testimony would have benefitted him. See id. 
          Moreover, we must look at the “totality of the representation” afforded by
appellant’s trial counsel during both the guilt-innocence phase and punishment phase,
rather than focusing only on trial counsel’s actions during the punishment phase or
viewing the punishment phase as a “separate and independent proceeding.” See
Foster v. State, 652 S.W.2d 474, 478 (Tex. App.—Houston [1st Dist.] 1983), aff’d,
693 S.W.2d 412 (Tex. Crim. App. 1985). The record shows that appellant received
reasonably effective assistance of counsel throughout the guilt-innocence phase and
that appellant, who had four prior felony convictions and three prior misdemeanor
convictions, was assessed only 37 years in a range of punishment from 25 to 99 years
or life. Therefore, appellant has not shown that trial counsel’s assistance was
ineffective or that the result of the proceedings would have been different without the
alleged errors. See Gamble, 916 S.W.2d at 93. 
          We hold that appellant has not shown that his trial counsel provided ineffective
assistance or that, but for ineffective representation by counsel, the result of the
proceedings would have been different. Accordingly, we overrule appellant’s second
point of error.

Conclusion
          We reverse the judgment of the trial court and render judgment acquitting
appellant of the offense of tampering with evidence in trial court cause number
900157 (our cause number 01-02-00783-CR). We affirm the judgment of the trial
court convicting appellant of possession of cocaine in trial court cause number
900156 (our cause number 01-02-00782-CR).
 
 
                                                                        Tim Taft
                                                                        Justice
                                                                
Panel consists of Justices Taft, Jennings, and Hanks.
 
Publish. See Tex. R. App. P. 47.2(b).