Herman FOSTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 1011–83.

Court of Criminal Appeals of Texas, En Banc.

June 19, 1985.

Stanley G. Schneider, Murry B. Cohen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Timothy G. Taft, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury found appellant guilty of the offense of aggravated robbery and assessed his punishment at ninety-nine years' confinement and a fine of $5,000.00. The court of appeals for the First Supreme Judicial District affirmed the conviction. *Foster v. State*, 652 S.W.2d 474, (Tex.App. —Houston 1983).

Appellant contends that the court of appeals applied the incorrect standard in determining whether appellant was denied effective assistance of counsel.

In the court of appeals, appellant argued that a conflict of interest occurred due to the joint representation of appellant and his co-defendants. Appellant contended that trial counsel was ineffective for failing to move for a severance due to this alleged conflict of interest. The court of appeals failed to address the conflict of interest issue and instead evaluated appellant's claim in terms of the total representation rendered by counsel.

Appellant contends that the conflict of interest contention is the pivotal issue in determining ineffective assistance. We agree.

The first of the two instances which appellant claims reveal the actual conflict occurred when a State witness at the punishment hearing accused appellant's co-defendant and brother, Willie Foster, of an extraneous robbery. The second instance was that defense counsel was prevented from arguing at the punishment hearing that the responsibility of Willie Foster exceeded that of appellant. Upon reviewing the record, we find that neither amounts to an actual conflict of interest.

■ The test to be applied when a conflict of interest is asserted was delineated in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

> In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.

*Cuyler v. Sullivan*, U.S. at 348, 100 S.Ct. at 1718. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), established that the evidence showed counsel's "struggle to serve two masters" and that such unconstitutional multiple representation is never harmless error. However, mere assertion of a conflict of interest shall not amount to ineffective assistance of counsel. *Carpenter v. State*, 639 S.W.2d 311 (Tex.Cr.App.1982); *Ferguson v. State*, 639 S.W.2d 307 (Tex.Cr.App.1982); *Cuyler*, supra.

■ When the State's witness volunteered the testimony concerning the co-defendant's extraneous offense, she did not create a conflict of interest for trial counsel. The comment was objectionable as applied to co-defendant directly and to appellant by association. This did not put the lawyer on the "horns of the dilemma" whether to serve appellant or the co-defendant. Each would be helped by the same, appropriate action. "An actual and significant conflict of interest of the degree requiring reversal exists when 'one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing.' *Ex Parte Alaniz*, 583 S.W.2d 380, 381 at n. 3 (Tex.Cr.App. 1979) quoting *Foxworth v. Wainwright*, 516 F.2d 1072 at 1076 (5th Cir.1975)." *Gonzalez v. State*, 605 S.W.2d 278 at 282 (Tex.Cr.App.1980). This also applies to appropriate trial actions of counsel. Appellant has not shown an actual conflict. Defense counsel was not serving one master to the detriment of the second.

The assertion that defense counsel could not argue that the degree of culpability of co-defendant outweighed that of appellant must be established by the record. The arguments made during the sentencing hearing are not contained in the record. Since we are without proof of any actual conflict of interest we are left with nothing more than a mere assertion. See *Carpenter*, supra; *Ferguson*, supra; and *Cuyler*, supra.

Since no actual conflict has been shown, we need not reach the merits of appellant's argument that appellant did not voluntarily and intelligently waive "conflict-free" counsel.

We affirm the judgment of the court of appeals upholding appellant's conviction.

CLINTON, J., concurs in result.