**Susan DILLON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00810–CR.**

Court of Appeals of Texas,
Dallas.

June 15, 1987.

Rehearing Denied July 17, 1987.

Tena M. Hollingsworth, Stuart E. Parker, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

HOWELL, Justice.

Susan Dillon was convicted of the unlawful manufacture of a controlled substance, to wit: methamphetamine, following her open plea of guilty. The court assessed her punishment at sixteen years. On appeal, she asserts that (1) her guilty plea is constitutionally invalid because it was given upon the advice of ineffective counsel, and (2) the trial court erred in overruling her motion to suppress evidence, which she claims was seized in violation of her constitutional rights. Because appellant's points of error lack merit, we affirm.

On November 3, 1985, two Dallas police officers responded to a call concerning a disturbance involving gunshots at the home of appellant and her husband, David Dillon. When the officers knocked on the front door, David opened the door just far enough to see out. David acknowledged the disturbance and told the officers that appellant had left the premises. Upon the officers' request, David permitted them to enter and verify that no one had been harmed by the shots. The officers secured the weapon that David had in his possession and noticed the distinctive odor of methamphetamine. After a third officer arrived, David signed a form consenting to a complete search of the premises. The ensuing search uncovered a quantity of methamphetamine and a fully operational drug lab. Subsequently, one of the officers found appellant hiding in the bushes in front of a nearby residence.

On March 18, 1986, appellant filed a motion to suppress the evidence found in the search claiming that the evidence was seized in violation of her constitutional rights. Her husband, David, filed a similar motion and the trial court denied both motions after a hearing on May 23, 1986. Both parties were represented by the same counsel. On June 4, 1986, appellant executed a waiver of conflict concerning the attorney's joint representation of her and her husband. On June 6, 1986, appellant waived her right to a jury trial, signed a judicial confession, and entered an open

plea of guilty without any agreement concerning punishment.

In her first point of error, appellant contends that her open guilty plea is constitutionally invalid because it was given pursuant to ineffective assistance of counsel, who allegedly represented conflicting interests. Appellant made no objection at any time prior to this appeal concerning inadequate or conflicting representation. In fact, appellant executed a waiver of conflict, reciting that she did not object to her counsel's representation of her and her co-defendant, and that she believed there would be no conflict that would impair her counsel's independent judgment. Because she failed to object, she "must demonstrate that an *actual conflict* of interest adversely affected [her] lawyer's performance" in order to establish a violation of her sixth amendment right to effective assistance of counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980) (emphasis added) (quoted in *Foster v. State*, 693 S.W.2d 412, 413 (Tex.Crim. App.1985)). The mere assertion of a conflict of interest does not amount to ineffective assistance of counsel. *Foster*, 693 S.W.2d at 423. The gist of appellant's complaint is that her counsel's joint representation *"may* well have precluded counsel from exploring possible plea negotiations and the possibility of appellant's agreement to testify for the prosecution...." (Emphasis added). However, this assertion of the *potential* consequences of counsel's joint representation does not amount to a showing of *actual* conflict, which would require reversal even without a showing of prejudice. *Cuyler*, 446 U.S. at 349–50, 100 S.Ct. at 1719. Appellant has failed to demonstrate such an actual conflict. Moreover, a careful review of the record before us does not reveal any actual conflict that would result in ineffective assistance of counsel and render her guilty plea involuntary and unintelligent. Thus, we hold that appellant's open plea of guilty was constitutionally valid. Point one is overruled.

In her second point of error, appellant claims that the trial court erred in overruling her motion to suppress evidence. However, the record reflects that appellant entered a plea of guilty without a plea bargain or a recommendation as to punishment. Therefore, under *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972), the trial court's ruling on appellant's motion to suppress is not before this Court for review. *See Cleveland v. State*, 588 S.W. 2d 942, 944 (Tex.Crim.App.1979). Point two is overruled. Accordingly, the trial court's judgment is

AFFIRMED.