No. 04-99-00459-CR


Allan Richard MARTINEZ,


Appellant


v.


The STATE of Texas,


Appellee


From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CR-3427-A


Honorable Mark Luitjen, Judge Presiding



Opinion by: Sarah B. Duncan, Justice

Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice

Delivered and Filed: February 16, 2000

AFFIRMED

 Allan Richard Martinez appeals his conviction for aggravated assault arguing his guilty plea
was involuntary due to ineffective assistance of counsel. We disagree and affirm the judgment.

Factual and Procedural Background


 Ricardo Briones was attending a party at Roland Samaniego's house when he and several
friends apparently got into an argument with Samaniego. During the argument, Martinez arrived at
Samaniego's house. As Briones and his friends attempted to flee the scene in a car, several witnesses
saw Martinez fire a gun at the car. One other witness saw Samaniego fire a gun he had brandished
during the argument at the car. Briones sustained a gunshot wound, and both Martinez and
Samaniego were indicted for aggravated assault and attempted murder. Martinez and Samaniego
retained Richard Langlois as their defense counsel. Martinez entered a plea bargain under which he
agreed to plead guilty to the charge of aggravated assault in return for the State's recommendation
that he receive no more than a twenty-year sentence. The trial court accepted the plea bargain and
sentenced him to twenty years in prison. Meanwhile, the charges against Samaniego were dismissed.

 Martinez retained new counsel and filed a motion for new trial, arguing "he was denied the
effective assistance of counsel because the trial attorney had a conflict of interest in representing two
co-defendants on the same offense." At the hearing on his motion, Martinez testified he discovered
Langlois was representing Samaniego after he had already retained Langlois. However, Martinez
claimed Langlois assured him that he would not represent Samaniego. A friend of Martinez' testified
she received similar assurances from Langlois after she questioned whether he could adequately
represent both Martinez and Samaniego. Martinez further testified he told Langlois that Samaniego
was the one who shot Briones, but he decided to enter into a plea agreement upon learning that he
could receive up to ninety-nine years in prison as a repeat offender. Although he understood he could
still receive up to twenty years in prison under the plea agreement, Martinez testified Langlois
assured him he would get no more than a five-year sentence. Martinez' girlfriend testified she was
present when Langlois discussed Martinez' possible sentence under the plea bargain, and she too
heard Langlois tell Martinez "he would get him the five years."

 Langlois testified at the hearing on Martinez' motion for new trial that Samaniego was
charged with different crimes than Martinez when he initially agreed to represent Samaniego.
However, Langlois admitted he continued to represent Samaniego even after he was indicted for the
same crimes as Martinez. According to Langlois, he explained to Martinez and Samaniego "in great
detail" that a conflict of interest could arise because they were both charged with the same crime.
Specifically, he told them that their defenses could be in conflict. When Martinez expressed concern
about Langlois's representation, Langlois claimed he told Martinez he could "get another attorney."
Still, according to Langlois, Martinez and Samaniego "both agreed to proceed with [his]
representation." Langlois further denied that he ever told Martinez or his friends that he would
withdraw from representing Samaniego.

 With regard to the plea bargain, Langlois testified he was in negotiations with the State over
several days, during which time the State made it clear it would not recommend anything less than
a twenty-year cap on Martinez' sentence. Also during the negotiations, Langlois met with two
witnesses, both of whom claimed to have seen Martinez shooting at Briones' car. Langlois discussed
the plea negotiations as well as the eyewitness accounts with Martinez, and according to Langlois,
Martinez admitted that he shot Briones. Langlois further testified he told Martinez he could receive
anywhere between five and twenty years in prison under the plea agreement. Although Langlois
agreed to do what he could to minimize Martinez' punishment, he claimed he never promised
Martinez' he could get him a five year sentence. Finally, Langlois testified no conflict ever arose in
his representation of both defendants.

 After hearing the evidence, the trial court denied Martinez' motion for a new trial. Martinez
now appeals arguing his plea was involuntary because he was denied effective assistance of counsel.

Standard of Review


 We review a trial court's denial of a motion for new trial under the abuse of discretion
standard. State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). That is, we "view the
evidence in the light most favorable to the trial court's ruling," giving the trial court almost total
deference with regard to findings of historical fact supported by the record. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). We review a trial court's determination of the law as well
as its application of the law to the facts de novo. Id.

Discussion


 An attorney's representation of multiple defendants in a criminal trial can amount to
ineffective assistance of counsel. James v. State, 763 S.W.2d 776, 778 (Tex. Crim. App. 1989).
However, the fact that an attorney represents two codefendants in a criminal trial does not alone
render his assistance ineffective. Id. "In order for a defendant to demonstrate a violation of his right
to the reasonably effective assistance of counsel based on a conflict of interest, he must show (1) that
defense counsel was actively representing conflicting interests, and (2) that the conflict had an
adverse effect on specific instances of counsel's performance." Ex parte Morrow, 952 S.W.2d 530,
538 (Tex. Crim. App. 1997) (citing Cuyler v. Sullivan, 446 U.S. 335 (1980)), cert. denied, 119 S.Ct.
40 (1998). Thus, a defendant must show the conflict of interest caused an actual lapse in his
attorney's representation. See Cuyler, 446 U.S. at 349; Dukes v. Warden, 406 U.S. 250, 256 (1972).

 Even if we assume Langlois had an actual conflict of interest in representing both Martinez
and Samaniego, there is no evidence such a conflict caused an actual lapse in Langlois's
representation of Martinez. First, while there is evidence Samaniego's case was dismissed after
Martinez entered into the plea agreement, there is no evidence Langlois induced Martinez to plead
guilty in order to obtain a dismissal for Samaniego. Furthermore, while Martinez and his friends
testified Langlois promised him he would receive a five-year sentence under the plea agreement,
Langlois testified he never made such a promise and he advised Martinez he could get up to a
twenty-year prison term. Langlois further testified he spent several days negotiating the plea
agreement and trying to get the State to agree to a ten or fifteen-year cap on Martinez' sentence
before the plea agreement was eventually reached. The conflicts in the evidence were for the trial
court to resolve. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995) (trial judge is sole judge
of credibility of witnesses and weight to be given their testimony at hearing on motion for new trial).
In light of the evidence, we hold the trial court did not abuse its discretion in finding the conflict of
interest, if any, arising from Langlois's joint representation of Martinez and Samaniego did not affect
his representation of Martinez, and thus the trial court did not err in denying Martinez' motion for
new trial. See id.; Ex parte Morrow, 952 S.W.2d at 538; compare Dukes v. Warden, 406 U.S. at 256-57 and Dillon v. State, 747 S.W.2d 387, 389 (Tex. App.--Dallas 1987, pet. ref'd) with Garcia v.
State, 979 S.W.2d 809, 812-13 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). We therefore
affirm the trial court's judgment.

 Sarah B. Duncan, Justice

Do not publish