NUMBER 13-99-585-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


EDUARDO GALLEGOS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 2


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Rodriguez, and Seerden(1) 


Opinion by Justice Dorsey



 Appellant was tried jointly with co-defendants Adrian Gonzalez
and Rodolfo Melendez for assaulting James Garcia. Melendez was
acquitted, but both appellant and Gonzalez were convicted. Appellant
complains that his retained counsel was ineffective, principally because
he represented both appellant and his co-defendant Gonzalez at their
trial, thus creating a conflict of interest. No complaint was made below
until the motion for new trial.

 To prove ineffective assistance of counsel an accused must show
that (1) counsel's performance fell below the standards of reasonable
competency, and (2) there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have
been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). 
Multiple representation is not per se violative of constitutional
guarantees of effective assistance of counsel. James v. State, 763
S.W.2d 776, 778 (Tex. Crim. App. 1989). However, in such a situation
a defendant can show a violation if he can show (1) that his counsel
was burdened by an actual conflict of interest and (2) that the conflict
had an adverse effect on specific instances of counsel's performance. 
Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). An
actual and significant conflict of interest of the degree requiring reversal
exists when "one defendant stands to gain significantly by counsel
adducing probative evidence or advancing plausible arguments that are
damaging to the cause of a co-defendant whom counsel is also
representing." Foster v. State, 693 S.W.2d 412, 413 (Tex. Crim. App.
1985). In other words when counsel is so placed upon the "horns of a
dilemma" about services for one client over another an actual and
significant conflict exists and each client must be made aware of such
conflict before the attorney may ethically proceed with the case. 
James, 763 S.W.2d at 779. If a defendant shows an actual conflict the
second prong of Strickland is met because prejudice is presumed. 
Nethery v. State, 29 S.W.3d 178, 188 (Tex. App.--Dallas 2000, no pet.).

 The evidence is that appellant and Adrian Gonzalez fought with
the victim, James Garcia, in Matamoros, Mexico, over a woman. A
short time later Garcia drove to appellant's house in Brownsville where
appellant, Gonzalez, and Rodolfo Melendez fought him again. Both
appellant's and Gonzalez's defense was that Garcia was the aggressor. 
The testimony of appellant and Gonzalez was consistent that Garcia
drove to appellant's house and tried to start a fight with appellant and
that Gonzalez defended appellant by fighting with Garcia. There was
no conflict between their testimony. Both defendants had a common
strategy and story. There was no conflict of interest because one
defendant did not stand to gain significantly by counsel adducing
probative evidence or advancing plausible arguments damaging to the
cause of the co-defendant whom counsel also represented. See Foster,
693 S.W.2d at 413. The mere showing of a possible conflict of interest
is not sufficient to prevail on a claim of ineffective assistance of counsel. 
Pollan v. State, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981).

 By this same issue appellant complains that his counsel did not
file motions in limine to prevent the jury from hearing about Garcia's
civil suit and the assault in Matamoros. Appellant has not shown how
the result of the proceeding would have been different had counsel filed
these motions. We overrule the issue.

 We affirm the judgment.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 1st day of March, 2001.

1. Senior Justice Robert J. Seerden assigned to this court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code
Ann. § 74.003 (Vernon 1998).