NUMBER 13-03-570-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

DONALD WAYNE THIELEMAN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of Aransas County, Texas

 


O P I N I O N



Before Justices Yanez, Garza and Baird (1)


Opinion by Justice Baird
 


 Appellant was charged in a two-count indictment with the offense of burglary of a
habitation. Tex. Pen. Code Ann. § 30.02 (Vernon 2003). Two prior felony convictions were
alleged for the purpose of enhancing the range of punishment. Tex. Pen. Code Ann. §
12.42 (Vernon Supp. 2006). The jury acquitted appellant of the offense alleged in count
I but convicted appellant of the offense alleged in count II. Appellant pled true to the
enhancement allegations and the trial judge assessed punishment at forty-five years
confinement in the Texas Department of Criminal Justice-Institutional Division.

 Appellant was initially represented on appeal by appointed counsel. After counsel
filed a brief for appellant, appellant moved for the dismissal of counsel. We granted
appellant's motion to dismiss counsel and the trial judge permitted counsel to proceed pro
se. (2) Appellant raises four points of error. We affirm.

I. Introduction.

 Two homes were burglarized on the same night or early morning. The State's
theory of prosecution was that appellant, after being seen in the second home, fled and
was later apprehended while hiding in the alcove of a home on Winding Way. Appellant's
theory of defense was to concede that the homes had been burglarized and to argue that
he was not the burglar, but rather an unfortunate jogger who had been misidentified by the
complainant and framed by members of the Aransas County Sheriff's Department.

II. Ineffective Assistance of Counsel and Conflict of Interest.

 The first and second points of error contend, respectively, that trial counsel provided
ineffective assistance by performing in a deficient manner and by operating under a conflict
of interest. As these points raise similar issues, they will be addressed jointly.

A. Authority.

 The Sixth Amendment to the United States Constitution guarantees the accused the
right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686
(1984). The Sixth Amendment also guarantees a defendant the right to "conflict-free"
representation. Ex Parte McCormick, 645 S.W.2d 801, 802 (Tex. Crim. App. 1983).

 The vast majority of claims alleging ineffective assistance of counsel fall within the
familiar Strickland standard, which requires an appellant to prove (1) that counsel's
representation or advice fell below objective standards of reasonableness; and (2) the
result of the proceeding would have been different but for trial counsel's deficient
performance. Strickland, 466 U.S. at 688-92. The defendant bears the burden of proving
his claims by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998). In order for an appellate court to find trial counsel ineffective, "any
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999). Generally, when the record is silent as to counsel's
motivations for tactical decisions, an appellant cannot overcome the "strong presumption
that counsel's conduct was reasonable." Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim.
App. 2001). Unless the challenged conduct was "'so outrageous that no competent
attorney would have engaged in it," appellate courts will not speculate in order to find trial
counsel's reasoning or strategy rendered his performance deficient. Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001)).

 Claims of ineffective assistance of counsel based on conflicts of interest are
controlled by Cuyler v. Sullivan, 446 U.S. 335 (1980), a case decided four years before
Strickland. See Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). Under this
authority, an actual conflict of interest exists if counsel is required to make a choice
between advancing his client's interest in a fair trial or advancing other interests to the
detriment of her client's interest. Id. at 564. (3) A defendant demonstrates a Cuyler violation
if he can show that (1) his counsel was burdened by an actual conflict of interest; and (2)
the conflict had an adverse effect on specific instances of counsel's performance. Cuyler,
446 U.S. at 348-50. However, the conflict must be more than merely speculative. James
v. State, 763 S.W.2d 776, 778-79 (Tex. Crim. App. 1989). Until a defendant shows his
counsel actively represented conflicting interests, he has not established the predicate for
his claim of ineffective assistance. Cuyler, 446 U.S. at 350. A showing of the "possibility
of a conflict of interest" is not sufficient to overturn a criminal conviction. Id. However, if an
appellant shows an actual conflict, prejudice is presumed. Id.

 The main difference between the Strickland and Cuyler tests is the burden of proof
related to the issue of prejudice. Monreal v. State, 923 S.W.2d 61, 64 (Tex. App.-San
Antonio 1996), aff'd, 947 S.W.2d 559 (Tex. Crim. App. 1997). Under Strickland, prejudice
is not presumed; the defendant must show there was error and the error was "so serious
as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466
U.S. at 687. But under Cuyler, a defendant need only show that counsel's performance
was "adversely affected" by a conflict of interest. Cuyler, 446 U.S. at 349-50. Once that
showing is made, prejudice is presumed. Id. 

B. The Strickland Claim.

 The first point of error presents a Strickland claim. Appellant presented this claim
to the trial judge in a motion for new trial, which the trial judge denied. Therefore, we
analyze the contentions in this point of error as a challenge to the denial of his motion for
new trial. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). In such
circumstances, we review the Strickland test through an abuse of discretion standard and
reverse only if the denial of the motion for new trial was arbitrary or unreasonable, viewing
the evidence in the light most favorable to that ruling. Id. (holding appropriate standard of
review for ineffective assistance claim in motion for new trial is abuse of discretion).

 Within this point, appellant complains of many separate incidents of allegedly
deficient conduct by trial counsel. We will address these seriatim. 

1. Failure to obtain inventory list of appellant's possessions when booked.

 First, appellant argues trial counsel was ineffective for failing to conduct pretrial
discovery "to determine the contents of State's exhibit 103," which the State claimed was
the property possessed by appellant at the time of his arrest. Appellant contends some
of the contents of exhibit 103 would have been contradicted by the inventory list itemizing
the property possessed by appellant when booked into jail. Specifically, appellant argues
that he did not possess "a hat, a large quantity of change, a cigarette, Vaseline or
Chapstick." Therefore, the property slip would have shown that Detective Matthew Baird
"manipulated the evidence" in appellant's possession at the time of his arrest. (4) Appellant
claims the failure to bring out the discrepancy undermined his defense that he was in the
area as a jogger not as a burglar.

 Although defense counsel was not specifically asked at the motion for new trial
hearing whether he inspected exhibit 103 prior to trial, the following exchange is pertinent:

 Q. At -- at trial I believe Officer Baird brought in an amount of change, coins,
that he said was found on [appellant] at the time of his arrest.


 A. Okay.


 Q. Do you recall that?


 A. Vaguely.


 Q. Okay. And in reading Officer Baird's report there is no mention of any
change being found on the Defendant at the time of his arrest. Do you recall
that?


 A. I remember [appellant] talking about it. I -- I can't tell you exactly what the
testimony was, but I remember [appellant] talking about it.


 Q. And do you -


 A. In other words, he would, you know, have been jogging with change. 
That was his -


 Q. That was the crux of the argument from the State.


 A. Yes.


 Q. And there is no mention of the change in the reports. Would it be
important to look at the property slip to see what he actually did have on him
at the time of his arrest?


 A. We had the property slip and we had a copy of it.


 Q. We had?


 A. What he was claiming was that there was an earlier one that didn't have
a hat on it.


 Later at the motion hearing, Detective Baird explained how the contents of exhibit
103 would not have been on the inventory property slip.

 Q. . . . Now. when you make an arrest and you suspect that a burglary has
occurred, you confiscate what you suspect might be stolen property. Is that
correct?


 A. Yes, sir, I do.


 Q. And there was offered into evidence at the time of trial property that was
taken by you from [appellant] prior to his booking at the jail. Is that correct?


 A. Yes, sir, there was.


 Q. Okay. And that was taken at the scene.


 A. Yes, sir, it was.


 Appellant bears the burden of proving his claims of ineffective assistance of counsel
by a preponderance of the evidence. Jackson, 973 S.W.2d at 956. There is no record
evidence that trial counsel did not examine the contents of exhibit 103. Additionally,
Detective Baird provided an explanation as to why the property on appellant at the time of
his arrest might be different than the property inventoried at the time he was booked. 
Consequently, we cannot say the trial judge's rejection of appellant's claim on this issue
constituted an abuse of discretion.

2. Failure to interview witnesses.

 The second argument is that defense counsel failed to interview several witnesses. 
We discuss each witness in the order raised in appellant's brief and the contention raised
by appellant in connection with each witness.

a. Sherry Shaw, an alibi witness, would have testified appellant was home until 3:30 a.m.
on the date of the burglary. Appellant concedes Shaw's testimony would have provided
an alibi only for the first burglary. As noted earlier, appellant was acquitted of this offense. 
Therefore, appellant cannot meet the second prong of Strickland. Accordingly, this
argument is without merit.

b. Captain Tina Kutach of the Aransas County Sheriff's Department would have testified
that Detective Baird removed the inventory slip of appellant's property, which itemized the
property in his possession at the time of his booking. Kutach's testimony "could have been
used to contest or suppress any property Detective Baird claimed was in [appellant's]
possession because Detective Baird refused to" return the property slip. 

 Initially, we note that trial counsel has a duty to make an independent investigation
and to seek out and interview potential witnesses and the failure to do so constitutes
ineffective assistance of counsel where a viable defense is not advanced. Ex parte Ybarra,
629 S.W.2d 943, 946 (Tex. Crim. App. 1982). Further, we note that while counsel does
have a duty to make an independent investigation of the facts, the existence of this duty
does not relieve a defendant of the burden of proving ineffective assistance by a
preponderance of the evidence. Melton v. State, 987 S.W.2d 72, 76-77 (Tex. App.-Dallas
1998, no pet.) (applying preponderance of the evidence standard in holding that counsel
was ineffective for failing to independently investigate). 

 Kutach testified that she knew trial counsel and that she was not contacted or
interviewed by counsel prior to appellant's trial. Trial counsel testified that he spoke with
several witnesses but could not remember specifically to whom he spoke. 

 Assuming arguendo that trial counsel did not interview Kutach, the question is
whether the failure to do so prevented a viable defense from being advanced. Kutach
testified that Detective Baird got the property slip because appellant's actual property - "his
clothing and stuff" - had been released to appellant's mother. Therefore, Detective Baird
could not seize the clothing actually worn by appellant at the time of his arrest. Kutach
further testified that since the property slip was not returned by Detective Baird, the only
way to determine the property possessed by appellant at the time of his booking was a
computer print-out. However, a print-out was not produced at the motion for new trial
hearing. Consequently, we do not know if the print-out would contradict the contents of
exhibit 103. Moreover, as set forth in the testimony above, trial counsel testified he had
a copy of the property list but did not use it at trial. To sustain this claim, we must assume
that the print-out would have contradicted the contents of exhibit 103 and impeached the
testimony of Detective Baird. This is the type of speculation an appellate court may not
undertake. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Consequently,
we cannot say the trial judge's rejection of appellant's claim on this issue constituted an
abuse of discretion.

c. Raul Delgado testified at the motion for new trial hearing that he was an Aransas
County Sheriff's Deputy who arrived at the scene after appellant was taken into custody. 
Appellant asserts that Delgado was at the scene "and counsel should have interviewed this
witness." However, beyond this assertion, appellant does not state what the substance of
Delgado's testimony would have been had he been interviewed and testified at trial. 
Consequently, appellant has not carried his burden of proof that trial counsel was
ineffective in failing to interview Delgado. Jackson, 973 S.W.2d at 956. Therefore, the trial
judge's rejection of appellant's claim on this issue does not constitute an abuse of
discretion.

d. Janice Conroy was the owner of the home where appellant was allegedly found hiding
after the burglary. Appellant asserts trial counsel was ineffective for failing to interview
Conroy. The State did not call Conroy as a witness during the trial and she did not testify
at the motion for new trial hearing. Consequently, there is no record evidence upon which
to base a claim of ineffective assistance of counsel. Therefore, appellant has not carried
his burden of proof that trial counsel was ineffective in failing to interview Conroy. Jackson,
973 S.W.2d at 956. Accordingly, the trial judge's rejection of appellant's claim on this issue
does not constitute an abuse of discretion.

e. Appellant asserts that Rodney Ratheney was an Aransas County Sheriff's Deputy
who overheard a conversation between appellant and Deputy Sikel wherein appellant
stated that he had flagged down the arresting officers rather than being found by them
hiding in Conroy's alcove. Neither Ratheney nor Sikel testified at the motion for new trial
hearing. However, Sikel testified at trial and stated he saw appellant standing in Conroy's
alcove. Upon being confronted by Sikel, appellant asked, "Are you looking for the man with
the dark colored coat that ran toward Winding Way?" 

 As to this assertion, we make two observations. First, since Ratheney did not testify
at the motion for new trial hearing, we cannot conclude that he overheard the alleged
conversation. Consequently, appellant has not carried his burden of proof that trial counsel
was ineffective in failing to interview Ratheney. Jackson, 973 S.W.2d at 956. Second, the
essence of appellant's conversation with Sikel, that Ratheney allegedly overheard, was
before the jury. Consequently, we hold there is no showing that the result of appellant's
trial would have been different but for trial counsel's failure to interview Ratheney and call
him as a witness to testify as appellant claims. Strickland, 466 U.S. at 688-92. Therefore,
the trial judge's rejection of appellant's claim on this issue does not constitute an abuse of
discretion.

f. Janis Rice, the complainant, was not interviewed by trial counsel. The failure to at
least attempt to interview this witness is inexcusable and clearly demonstrates deficient
conduct by counsel. However, that condemnation alone is insufficient to warrant reversal
of appellant's conviction. The failure to interview Rice must have deprived appellant of a
viable defense. 

 Rice testified at trial that she awoke at 4:00 a.m. when her alarm clock sounded. 
While laying in bed, she noticed the beam from a flash light on her ceiling and realized
police officers were in her yard searching for someone. On her way to the kitchen, Rice
noticed the movement of a helium-filled balloon in the living room. She walked into the
living room and confronted appellant, who was hiding there. She and appellant "stared at
each other" "for at least a minute." Appellant then ran from Rice's home toward Winding
Way. Rice subsequently identified appellant in a photo spread. She also noted that
another person in the photo spread had eyes that "looked a little bit like the defendant." 
She positively identified appellant in open court. 

 At the motion for new trial hearing, Rice testified and recounted the events that
occurred in her home and her identification of appellant in the photo spread. Rice stated
that only after that positive identification did she tell Detective Baird that one of the others
in the photo spread had a similar facial feature. However, Rice remained resolute in and
certain of her identification of appellant in the photo spread. 

 Appellant asserts that portions of Rice's testimony at trial contradict her statement
given the morning of the offense, namely that she could not identify the person inside her
home and her description of the clothing worn by that person. Appellant further asserts
"information relevant to the defense might have been obtained through better pretrial
investigation," and counsel "may have found that there was a level of uncertainty or that
she was willing to change her testimony to favor the prosecution." 

 Initially, we note that these subjects were broached during the cross-examination
of Rice at trial. Therefore, many of the inconsistencies appellant raises now were exposed
to the jury. Secondly, appellant's assertions ask us to speculate what "might have been"
or what counsel "may have found" during a pretrial interview with Rice. But we cannot
provide relief based upon speculation. Bone, 77 S.W.3d at 833. Therefore, the trial
judge's rejection of appellant's claim on this issue does not constitute an abuse of
discretion.

3. Failure to subpoena exculpatory evidence.

 The first contention under this claim deals with trial counsel not subpoenaing the
dispatch records which would have shown that Officers Rhoads and Sikel could not both
have found appellant hiding in the Winding Way alcove. Rhoads testified that he was not
dispatched to the scene but rather heard the dispatcher direct Sikel to the home of the first
burglary. Rhoads decided to travel to that location and arrived as Sikel was meeting with
that complainant. Sikel testified he was dispatched to the home of the first burglary and
responded to that dispatch. He and Rhoads then began their search for the burglar. The
dispatch records were not admitted at the motion for new trial hearing and, therefore, we
are left to speculate as to the contents. This we cannot do. See id. Consequently, the trial
judge's rejection of appellant's claim on this issue does not constitute an abuse of
discretion.

 Next, appellant contends trial counsel failed to subpoena the property slip discussed
above. However, the property slip was no longer in possession of Kutach and Detective
Baird testified at the motion for new trial hearing that he could not find the slip. 
Consequently, assuming arguendo trial counsel should have subpoenaed the slip, there
is no showing the slip was subject to being produced in court by either Kutach or Detective
Baird. Additionally, counsel stated he had a copy of the property slip, albeit not the
original, in his possession at the time of trial. Consequently, the trial judge's rejection of
appellant's claim on this issue does not constitute an abuse of discretion.

4. Failure to File a Motion to Suppress Evidence.

 Appellant contends trial counsel was ineffective for not filing a motion to suppress
the evidence seized from appellant following his arrest. However, appellant does not state
the legal basis for such a motion. Appellant has the burden of proving that the motion to
suppress would have been granted in order to satisfy Strickland. Roberson v. State, 852
S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (unless there is a showing that the motion had
merit and that a ruling on the motion would have changed the outcome of the case,
counsel will not be ineffective for failing to assert the motion). Consequently, the trial
judge's rejection of appellant's claim on this issue does not constitute an abuse of
discretion.

5. Failure to File a Motion to Suppress Appellant's Noncorporeal Identification.

 Under this assertion, appellant makes two arguments. First, he contends trial
counsel was ineffective for not filing a motion to suppress the pretrial noncorporeal
identification of appellant by Janis Rice. Appellant contends the photo spread was unduly
suggestive. Here, it appears appellant is trying to have his cake and eat it too. Earlier,
appellant argued that Rice's identification was suspect because she had picked out an
individual other than appellant. Clearly, she and Detective Baird testified that one of the
individuals in the photo spread had a facial feature similar to appellant. If this individual
were similar in appearance to appellant, we fail to see how the photo spread could have
been unduly suggestive. Accordingly, we do not find counsel ineffective for not filing a
motion to suppress appellant's noncorporeal identification.

 Second, appellant contends trial counsel was ineffective for failing to object to the
photo spread when the State offered it in evidence. However, appellant does not state the
legal basis for a meritorious objection. As noted above, the photo spread was not unduly
suggestive. Moreover, we cannot conceive of a valid legal objection to this exhibit at the
time it was offered into evidence. As noted above, appellant bears the burden of showing
that the motion had merit and that a ruling on the motion would have changed the outcome
of the case. Roberson, 852 S.W.2d at 510-12. Appellant has not carried that burden.

 For these reasons, the trial judge's rejection of appellant's claim on this issue does
not constitute an abuse of discretion.

6. Failure to Investigate and Present Appellant's Viable Defense(s).

 The first assertion deals with appellant's arrest and the police officers' version that
he was hiding in the Winding Way alcove and appellant's version that he was not hiding
but rather flagged down the officers. Initially, we note that the testimony of Deputy Sikel
placed this defensive theory before the jury. Consequently, this defense was presented
to the jury. 

 Appellant further contends trial counsel was ineffective for not interviewing Janice
Conroy, the owner of the Winding Way home, Deputy Rodney Matheny, a "third deputy on
the scene," and in not subpoenaing the dispatch records for the night of the offense. 
Neither Conroy, Matheny nor the "third deputy" testified at either the trial or the hearing on
the motion for new trial. Therefore, appellant has not carried his burden of proof and we
are again left to speculate. This we cannot do. Bone, 77 S.W.3d at 833. Consequently,
the trial judge's rejection of appellant's claim on this issue does not constitute an abuse of
discretion.

 Next, appellant claims counsel failed to pursue a mistaken identity defense in failing
to interview the eyewitness and alibi witness. For the reasons stated above, there is no
merit to this contention. Trial counsel did pursue the mistaken identity defense and the
lone alibi witness was exculpatory as to the first burglary for which appellant was acquitted. 
Therefore, the trial judge's rejection of appellant's claim on this issue does not constitute
an abuse of discretion.

7. Failure to Subpoena and Call Witnesses Favorable to the Defense.

 In this contention, appellant rehashes many of the arguments raised and rejected
above. Additionally, some of the witnesses listed in this contention, e.g., Marcie
Roedschiener and FBI agent Court Sharn, did not testify at the motion for new trial hearing
and, therefore, we can only speculate as to what their testimony would have been. 
Therefore, the trial judge's rejection of appellant's claim on this issue does not constitute
an abuse of discretion.

8. Ineffective Assistance During Closing Argument.

 Finally, appellant contends trial counsel was ineffective for arguing "regardless of
whether you might have speculation that [appellant] may be involved in this, you're bound
by this instrument right there to find him not guilty unless you find beyond a reasonable
doubt . . . ." We hold that trial counsel was not deficient in asking the jury to not convict
upon speculation. At the motion for new trial hearing, trial counsel testified the defensive
strategy, in part, was to put on no evidence and "in argument pound away at the failure of
the State to bring forth various bits and pieces of evidence . . . and make the jury believe
that there was a poor quality investigation" which caused reasonable doubt. Since the
argument was the product of reasonable trial strategy, the trial judge's rejection of
appellant's claim on this issue does not constitute an abuse of discretion.

9. Conclusion to Point of Error One.

 We have spent considerable time reviewing appellant's pro se brief to discern his
arguments under this point of error. We have diligently considered each argument and
found them to be without merit for the reasons expressed above. If there are other
arguments within this point of error, we either cannot understand them, they are not
supported by the record, the argument is not properly briefed or the argument is
multifarious. (5)
 Consequently, any such arguments are overruled.

 The first point of error is overruled.

C. The Cuyler Claim.

 The second point of error presents a Cuyler claim of ineffective assistance of
counsel resulting from a conflict of interest. As stated previously, under Cuyler v. Sullivan,
446 U.S. 335 (1980), a defendant demonstrates a violation of his right to reasonably
effective assistance of counsel based on a conflict of interest if he can show that (1)
counsel was burdened by an actual conflict of interest; and (2) the conflict had an adverse
effect on specific instances of counsel's performance. Id. at 348-50; Monreal, 947 S.W.2d
at 564. To obtain relief under a Cuyler claim, a defendant need only show that her
counsel's performance was "adversely affected" by a conflict of interest. Cuyler, 446 U.S.
at 349-50.

 To take advantage of the Cuyler test, a defendant must prove that counsel was
burdened by an actual conflict of interest. Cuyler, 446 U.S. at 348-50. Until a defendant
establishes that conflict of interest, he has not established the constitutional predicate for
an ineffective-assistance claim under Cuyler. Id. at 350. In the context of this case, an
actual conflict also arises when counsel is required to make a choice between advancing
his client's interest in a fair trial or advancing other interests to the detriment of his client's
interests. Monreal, 947 S.W.2d at 564. (6) The conflict must be more than merely
speculative; the defendant must prove that an actual conflict of interest existed. Cuyler,
446 U.S. at 350.

 Within this point, appellant contends trial counsel had a conflict of interest in two
respects, both of which emanate from counsel's status as a former prosecutor in Aransas
County. First, appellant asserts trial counsel prosecuted appellant in the cases leading to
his prior convictions and these prior prosecutions conflicted with counsel's relationship with
appellant in the current case. Second, appellant asserts trial counsel had a relationship
with Detective Baird and that relationship conflicted with counsel's relationship with
appellant. Both of these claims were raised in appellant's motion for new trial. The trial
judge denied that motion. As both claims were raised in that format, we employ the abuse
of discretion standard to determine if the trial judge erred in denying the motion for new
trial.

1. Trial counsel's previous prosecutions of appellant.

 Prior to trial in the instant case, appellant had been convicted of three felony
offenses in Aransas County. Two of those convictions were used to enhance the range
of punishment in the case at bar. Appellant contends these convictions occurred "during
[trial] counsel's twelve year tenure as District Attorney of Aransas County."

 During his testimony at the motion for new trial hearing, trial counsel stated he had
been a prosecutor in Aransas County for twelve years. He was not questioned and,
therefore, there is no evidence that he prosecuted appellant. Appellant testified he had
been prosecuted in the three felony cases by trial counsel. Appellant testified he learned
of this prior to trial and discussed it with trial counsel. Appellant recounted that
conversation as follows:

 He told me, he said - he goes, where do I know your name from? And I said
- I said, I don't know. He goes, you ever been prosecuted in Aransas
County? And I said, yeah, three times. He said, that's where I know your
name, because I was a District Attorney in this County for 11 or 12 years. 
I don't remember what he said. And I thought about it. I said, [name of trial
counsel]. I said, you are right. I said, you are the one that prosecuted me. 
He said - he goes - he goes, yes, I did. If you were prosecuted in '92, then
I prosecuted you. And I told him I was prosecuted in '86 and '88. He said,
I prosecuted you on all three of those charges.


Following this recount, the following exchange occurred.


 Did he ever advise you that it might be in your best interest to seek another
attorney?


 


 No, sir.


 


 Do you feel like - like there was a conflict of interest involved?


 


 I can prove there was a conflict of interest. If you will look at [trial counsel's]
closing arguments, you will see that that man deliberately threw this trial,
deliberately.



 Absent special circumstances, unless the trial judge knows or reasonably should
know that a particular conflict of interest exists, he has no affirmative duty to make an
inquiry. Calloway v. State, 699 S.W.2d 824, 829-30 (Tex. Crim. App. 1985). When a
lawyer admits to a conflict of interest, the court should hold a hearing to explore that
conflict. Kelly v. State, 640 S.W.2d 605, 611 (Tex. Crim. App. 1982). If the accused or his
counsel make a timely objection and request separate counsel on the basis of a potential
conflict of interest, the trial court must investigate or inquire about this request. Holloway
v. Arkansas, 435 U.S. 475, 486-90 (1978). 

 In the instant case, there is no indication the trial judge knew or reasonably should
have known that a potential conflict of interest existed. The issue of a conflict was brought
to his attention for the first time at the motion for new trial hearing. Consequently, the trial
judge was not obliged to inquire into the possibility of a conflict of interest.

 As noted above, appellant has the burden of proving that counsel was burdened by
an actual conflict of interest. Cuyler, 446 U.S. at 348-50. Therefore, appellant must prove
that trial counsel was required to make a choice between advancing appellant's interest
in a fair trial or advancing other interests to the detriment of appellant's interests. Monreal,
947 S.W.2d at 564. As stated earlier, there was no testimony whatsoever from trial
counsel on the subject of a conflict. Therefore, the entirety of the evidence on this subject
comes from appellant. Appellant concedes he, through his mother, retained trial counsel,
that prior to trial he was aware of trial counsel's prosecution of the previous cases, and that
his complaint deals with trial counsel's closing argument and other matters addressed
under the Strickland claim, supra.

 There is no showing that trial counsel advanced any interest other than appellant's. 
The arguments here are, in reality, Strickland arguments that were raised and rejected in
the first point of error. Consequently, we hold appellant has failed to prove an actual
conflict on interest. Therefore, the trial judge's rejection of appellant's claim on this issue
does not constitute an abuse of discretion.

2. Counsel's prior representation of Detective Baird.

 Appellant next contends that trial counsel previously represented Detective Baird. 
Specifically, appellant states, "[t]he conflict originates because trial counsel represented
Detective Baird on multiple occasions while [trial counsel] was a prosecutor for Aransas
County." When an attorney is unable to cross-examine a government witness or is
hindered in such a cross-examination because of a privilege arising from counsel's prior
representation of the witness, the defendant is denied effective representation as a matter
of law. United States v. Martinez, 630 F.2d 361, 362 (5th Cir. 1980).

 While there is certainly decisional authority supporting appellant's claim, there is no
proof of such prior representation. Beyond the assertion quoted above, appellant provides
no citation to the record to substantiate this claim and our independent research reveals
no support for it. Consequently, appellant has not met his burden of proof. Therefore, the
trial judge's rejection of appellant's claim on this issue does not constitute an abuse of
discretion.

 Appellant's second point of error is overruled.

III. Disclosure of Favorable Evidence.

 The third point of error contends the trial judge erred in denying the motion for new
trial due to the State's failure to disclose exculpatory evidence. Specifically, appellant
contends the State failed to disclose the "property slip showing all property in [appellant's]
possession at the time of [his] arrest." Appellant argues the slip would have impeached
the testimony of Detective Baird.

 Under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, the State has an
affirmative duty to disclose material, favorable evidence to the accused. Id. at 87. Failure
to do so results in a violation of the Due Process Clause of the Fourteenth Amendment. 
Id. Impeachment evidence is considered to be favorable to the accused and is, therefore,
subject to the mandatory disclosure dictates of Brady. United States v. Bagley, 473 U.S.
667, 676 (1985). Moreover, the "State" includes not only the particular prosecutor, but
members of his office and members of law enforcement connected to the investigation and
prosecution of a particular case. Kyles v. Whitley, 514 U.S. 419, 437 (1995); Ex parte
Mitchell, 977 S.W.2d 575, 578 (Tex. Crim. App. 1997).

 Appellant's argument cannot prevail for two reasons. First, we cannot conclude the
property slip was not "disclosed" because trial counsel stated at the motion for new trial
hearing that he and appellant had a copy of the property slip at the time Detective Baird
was cross-examined. 

 Second, there is no showing that the property slip would have impeached Detective
Baird. During trial, the State offered exhibit 103. At the motion for new trial hearing,
Detective Baird testified that the contents of exhibit 103 were seized by him prior to
appellant being booked into jail. Therefore, the items appellant wanted to show were not
on the inventory slip, inter alia, the coins and hat, would not have been on the inventory list
because they were not in appellant's possession at the time of his booking. Therefore, the
slip could not have been used to impeach the testimony of Detective Baird.

 For these reasons, we hold the trial judge did not err in discretion in denying the
motion for new trial. The third point of error is overruled.

IV. Cumulative Error.

 In his fourth point of error, appellant argues that the cumulative effect of the errors
committed by trial counsel warrant a reversal of the trial court's judgment. This argument
reurges the complaints against counsel raised in points of error one and two.

 The concept of cumulative error was extended to ineffective assistance of counsel
claims in Chamberlain v. State, 998 S.W.2d 230 (Tex. Crim. App. 1999) (citing Stahl v.
State, 749 S.W.2d 826, 832 (Tex. Crim. App. 1988)). However, as the Chamberlain court
noted, there is no authority for the proposition that the cumulative effect of non-errors
requires reversal. Chamberlain, 998 S.W.2d at 238. In the instant case, we have carefully
and fully addressed each of the complaints lodged against his trial counsel. In most
instances, we have found no error; in others, we found an insufficient error to support the
complaint and/or we found no complaint sufficient to undermine our confidence in the trial. 
In other words, there is little or nothing to cumulate, and certainly nothing sufficient in the
cumulative to require reversal of the trial court's judgment. Accordingly, the fourth point
of error is overruled.

V. Pending Matters.

 Finally, appellant's motion asking this Court to correct the reporter's record is
DENIED. Any other pending motions are denied as moot.

 The judgment of the trial court is affirmed.


 

 CHARLES F. BAIRD

 Justice



Do not publish. 

Tex. R. App. P. 47.2(b).


Opinion delivered and filed this 

the 26th day of October, 2006.
1. Former Texas Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to the government code. See Tex. Gov't Code Ann. §
74.003 (Vernon 2005).
2. The right of an accused to reject the services of counsel and instead represent himself extends
beyond trial into the appellate process. Webb v. State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). There
is no federal constitutional right to self-representation on appeal. Martinez v. Court of Appeal, 528 U.S. 152
163 (2000). However, the trial judge appointed stand-by counsel to assist with any "procedural or legal
questions [appellant] may have."
3. The mere physical presence of an attorney does not fulfill the Sixth Amendment's guarantee if
counsel's conflicting obligations have effectively sealed his lips on crucial matters. Holloway v. Arkansas, 435
U.S. 475, 490 (1978). 
4. Detective Baird is not related to or known by the author of this opinion.
5. Much of appellant's brief recalls conversations he allegedly had with trial counsel. However, such
assertions, which are not supported by the appellate record, cannot serve as a basis for relief. Salazar v.
State, 5 S.W.3d 814, 816 (Tex. App.-San Antonio 1999, no pet.) (statements in an appellate brief or its
attachments that are not supported by the record will not be accepted as fact).

6. In joint representation cases, an actual conflict arises when "'one defendant stands to gain
significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to
the cause of a co-defendant whom counsel is also representing.'" Foster v. State, 693 S.W.2d 412, 413 (Tex.
Crim. App. 1985) (quoting Foxworth v. Wainwright, 516 F.2d 1072, 1076 (5th Cir. 1975)).